Eliyahu Babad
Stein Saks, PLLC
One University Plaza, Ste 620
Hackensack, NJ 07601
(201) 282-6500 ext. 121
ebabad@steinsakslegal.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Osiris Stephenson,<br><br>                    Plaintiff,<br><br>     -against-<br><br>Equifax Information Services, LLC; and<br>Kimball, Tirey & St. John, LLP,<br><br>                    Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Osiris Stephenson, by and through his attorneys, and as for his Complaint against Defendants Equifax Information Services, LLC ("Equifax" or "Bureau") and Kimball, Tirey & St. John, LLP ("Kimball" or "Furnisher"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.* and 15 U.S.C. § 1692 *et seq.*

2.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as part of the events or omissions giving rise to the claim occurred in this state and the Plaintiff resides here.

3.      Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., also known as the Fair Credit Reporting Act ("FCRA").

4.      Plaintiff also brings this action for damages arising from the Furnisher's violations of 15 U.S.C. § 1692 *et seq.*, also known as the Fair Debt Collections Practices Act ("FDCPA")

## PARTIES

5.      Plaintiff is a resident of the State of Arizona.

6.      At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

7.      Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

8.      Equifax is a Georgia corporation registered to do business in this State.

9.      Equifax may be served with process at c/o Corporation Service Company, 8825 N. 23rd Ave, Suite 100, Phoenix, AZ 85021.

10.      Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

11.      At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12.      Kimball has an address for service 7676 Hazard Center Drive, Suite 900-C, San Diego, CA 92108.

13.      Kimball is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

14.      Kimball, is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

15.      Kimball was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

16.      Upon information and belief, Kimball is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the practice of law to attempt to collect debts alleged to be due another, and regularly collects debts.

## FACTUAL ALLEGATIONS

17.      Plaintiff incorporates the above allegations as if set forth here.

18.      Sometime prior to July 2022 Plaintiff realized there was an account appearing on his credit report.

19.      There was a Kimball account appearing on Plaintiff's credit report ("Account").

20.      The Account was allegedly for a housing rental or lease from Harborview Apartments.

21.      The Account is for unpaid rent for an apartment that was leased in his name.

22.     Plaintiff does not live, nor did he ever live, at the address listed on the lease.

23.     Plaintiff did not enter into a transaction with Kimball, or anyone, for this apartment.

24.     Plaintiff only became aware of the Account when he was applying for a loan.

25.     Upon information and belief, a family member forged Plaintiff's signature and fraudulently obtained an apartment lease in Plaintiff's name.

26.     Plaintiff is a victim of identity theft.

27.     Identity theft fraud occurs when someone uses another consumer's identification information to establish credit without authority.

28.     Plaintiff's signature was forged.

29.     Plaintiff's family member lived at that address and signed his name without permission and without Plaintiff's knowledge.

30.     Plaintiff reported this crime to law enforcement.

31.     On or about March 31, 2022 Plaintiff filed an Identity Theft Report with the Federal Trade Commission ("FTC Report").

32.     The Report number is 150028787.

33.     Plaintiff confirmed that he is a victim of the crime of identity theft.

34.     In the FTC Report, Plaintiff described the fraud against him.

35.     Plaintiff stated "I was unaware my name was on the lease because I did not sign it nor did I live there. I did not know of any of this until I went to apply for a loan

and it showed that I had an eviction. And after further research there was a whole

judgement lawsuit that I was not privy to… I was at school in [college]"

36.     Plaintiff confirmed his understanding that knowingly making false

statements to the government may result in a fine, imprisonment, or both.

37.     The FTC Report states, "Use this form to prove to business and credit

bureaus that you submitted an FTC Identity Theft Report to law enforcement."

38.     An FTC Report is acceptable proof of identity theft to block items in a

consumer's credit report as disputed for being fraudulent.

39.     Upon receipt of notice of identity theft, the Bureau is required to block the

disputed information pursuant to 15 U.S.C. § 1681c-2.

40.     On or about August 3, 2022, Plaintiff disputed the Account ("Dispute").

41.     Plaintiff sent the dispute to non-party TransUnion, Defendant Equifax, and

Kimball.

42.     Plaintiff stated in his Dispute that he was disputing the reporting of this

tradeline.

43.     Plaintiff described the fraud against him.

44.     Plaintiff's Dispute noted that the tradeline is not correct it should be deleted

from his credit report.

45.     In his disputes, Plaintiff included a description of the identity theft, copies

of the FTC Report, and his government-issued State driver's license to verify his identity.

46.     In response, TransUnion properly removed the Account from Plaintiff's

credit report.

47.     In response to the Dispute, Equifax did not remove the Account from Plaintiff's credit report.

48.     The Bureau is required by law to notify the Furnisher of Plaintiff's dispute.

49.     It appears and is therefore averred that the Bureau notified Kimball of Plaintiff's dispute.

50.     Upon receipt of the dispute of the account by the Plaintiff from the Bureau, Kimball failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

51.     Had Kimball done a reasonable investigation it would have been revealed to Kimball that the accounts are inaccurate.

52.     Defendants were in possession of the evidence showing Plaintiff did not owe this debt and that he was a victim of identity theft.

53.     A reasonable investigation by Defendants would have revealed that the accounts is fraudulent and is being incorrectly reported.

54.     Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed accounts, Defendants did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

55.     Kimball even tried to deflect the blame and responsibility for further investigation by responding to Plaintiff, "Please be advised that the lease and application to rent were completed using you name and personal information".

56.     This confirmed that Plaintiff's identity was stolen.

57.     Kimball tried to further deflect responsibility for its investigation by citing an FCRA provision regarding disclosures to a consumer.

58.     Yet Plaintiff was not requesting any disclosures.

59.     Although the Federal Trade Commission provides for Identity Theft Reports to be signed online, Kimball attempted to thwart Plaintiff's dispute by demanding a "wet ink signed copy of [the FTC Report] completed and signed in ink" which it knew did not even exist because FTC Reports are filed online with the FTC.

60.     Kimball tried to introduce further stumbling blocks for victims of identity theft by also oddly demanding a color copy of Plaintiff's driver's license, alleging without basis that Plaintiff's black-and-white copy was insufficient.

61.     Kimball also demanded evidence proving Plaintiff lived at another residence during the lease period despite that Plaintiff was away at college and did not have such documentation.

62.     Taking this even further, Kimball even boldly proclaimed it was a debt collector and told Plaintiff he owed $5,868.68 plus continuously accruing interest.

63.     Kimball threatened Plaintiff that any information he sends to it will be used "solely" for debt collection and not for correctly absolving him of the debt.

64.     Kimball also threatened Plaintiff that it would assume the debt is valid unless Plaintiff notifies it "within 30 days of receipt of this letter that you dispute all or part of this debt".

65.     Yet Plaintiff had already disputed this very debt.

66.     In furtherance of its scheme to assist the identity thief and pilfer Plaintiff's money, Kimball tried to get Plaintiff to pay this fraudulent debt by also threatening to report the debt on Plaintiff's credit report, which it had already done anyway.

67.     The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.

68.     The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

69.     The Bureau's actions described herein violated 15 U.S.C. § 1681i.

70.     The Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

71.     The Bureau further violated 15 U.S.C. § 1681c-2 (a) (Block of information resulting from identity theft).

72.     Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

73.     Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

8

74.     Kimball continues to furnish credit data which is inaccurate and materially misleading, and the Bureau's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

75.     In contrast to the Bureau, Plaintiff's credit reports with non-parties Experian and TransUnion do not contain these reporting inaccuracies.

76.     The Account obligation also arose out of transactions incurred primarily for personal, family, or household purposes, specifically rental of an apartment.

77.     The alleged Account obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

78.     The creditor of the Account is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

79.     Defendant Kimball collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

80.     Kimball's collection of the Account was improper as described above.

81.     Kimball's reporting of the Account to the Bureau was improper.

82.     Kimball knew or should have known its reporting was of the Account was false, inaccurate, or misleading.

<u>Damages</u>

83.     As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

84.     As a result of Furnisher's failure to comply with the FDCPA, Plaintiff has been damaged.

85.     Defendants' erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

86.     Plaintiff suffered damage to his reputation as it falsely appears as if he delinquent the Account.

87.     This falsity was published to numerous third-parties.

88.     This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

89.     Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify Defendants' willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment for having false information on his credit report, for credit denial and for having others see the false credit information.

90.     Plaintiff was also denied funding opportunities due to Defendants' actions.

91.     Plaintiff was emotionally distraught and damaged, and had difficulty with sleep.

92.     After disputing the Account and requesting it be blocked and removed, Plaintiff was attempting to secure credit.

93.     Due to each of Defendants' action, Plaintiff was unable to secure the necessary credit.

94.     Plaintiff was denied credit including personal loans due to Defendants' actions

95.     Defendants' actions have exacerbated, enabled, and lengthened the impact of the thief's crimes against Plaintiff.

96.     Plaintiff was denied the ability to obtain a loan due to the fraudulent Account showing as a judgment against him.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Equifax)

97.     Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

98.     This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

99.     Equifax violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

100.     Equifax violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

101.     The FCRA has provisions that specifically govern disputes based on alleged identity theft, yet the Bureau failed to comply with those provisions.

102.     When Plaintiff alleged identity theft and sent a valid identity theft report that was filed with law enforcement, the Bureau was required to stop reporting the fraudulent information in the Plaintiff's credit report. See 15 U.S.C. §§ 1681c-2(a), 1681a(q)(4); 12 C.F.R. § 1022.3(i)(1).

103.     The FCRA thus reflects congressional recognition that it is unreasonable for the Bureau not to block information that is contained in a credit report due to identity theft when the crime has been reported to law enforcement.

104.     The Bureau further violated 15 U.S.C. § 1681c-2(a) (Block of information resulting from identity theft) by failing to block information in Plaintiff's credit report after receiving the Report.

105.     Upon information and belief, the Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

106.     The Bureau has willfully and recklessly failed to comply with the Act.

107.     The failure of the Bureau to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    c) The failure to promptly and adequately investigate information which the Bureau had notice was inaccurate;

d)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete;

f)  failing to block information in Plaintiff's credit report after Plaintiff identified it as information that resulted from identity theft;

g)  failing to promptly notify the furnisher of information identified by Plaintiff as information that resulted from identity theft;

h)  The failure to take adequate steps to verify information The Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

i)  The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

108.    As described above, and as a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

109.    The conduct, action and inaction of the Bureau was willful rendering it liable for actual, statutory and punitive damages in an amount to be determined by a fact-finder pursuant to 15 U.S.C. § 1681n.

110.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment against the Bureau, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

111.     Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

112.     This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

113.     Equifax violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that TransUnion maintained concerning the Plaintiff.

114.     Equifax violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

115.     The FCRA has provisions that specifically govern disputes based on alleged identity theft, yet the Bureau failed to comply with those provisions.

116.     When Plaintiff alleged identity theft and sent a valid identity theft report that was filed with law enforcement, the Bureau was required to stop reporting the

fraudulent information in the Plaintiff's credit report. See 15 U.S.C. §§ 1681c-2(a), 1681a(q)(4); 12 C.F.R. § 1022.3(i)(1).

117.    The FCRA thus reflects congressional recognition that it is unreasonable for the Bureau not to block information that is contained in a credit report due to identity theft when the crime has been reported to law enforcement.

118.    The Bureau further violated 15 U.S.C. § 1681c-2(a) (Block of information resulting from identity theft) by failing to block information in Plaintiff's credit report after receiving the Report.

119.    Upon information and belief, the Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

120.    The Bureau has negligently failed to comply with the Act.

121.    The failure of the Bureau to comply with the Act include but are not necessarily limited to the following:

        a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

        b)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

        c)  The failure to promptly and adequately investigate information which the Bureau had notice was inaccurate;

d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete;

f) failing to block information in Plaintiff's credit report after Plaintiff identified it as information that resulted from identity theft;

g) failing to promptly notify the furnisher of information identified by Plaintiff as information that resulted from identity theft;

h) The failure to take adequate steps to verify information The Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

i) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

122.    As described above, and as a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

123.    The conduct, action, and inaction of the Bureau was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681o.

124.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the factfinder pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment against the Bureau, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## <u>THIRD</u> <u>CAUSE OF ACTION</u>
### (Willful Violation of the FCRA as to Kimball)

125.     Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

126.     This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

127.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

128.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

129.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the

furnisher must report the results to any other agencies which were supplied such information.

130.     Kimball violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

131.     As described above, and as a result of the conduct, action, and inaction of Kimball, Plaintiff suffered damage as described above

132.     The conduct, action, and inaction of Kimball was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by the factfinder pursuant to 15 U.S.C. § 1681n.

133.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Kimball in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in his favor against Defendant Kimball for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

### FOURTH CAUSE OF ACTION
#### (Negligent Violation of the FCRA as to Kimball)

134.     Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

135.     This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

136.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

137.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

138.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

139.    As described above, Kimball is liable to the Plaintiff for negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2 (b).

140.    After receiving the Dispute from the Bureau, Kimball negligently failed to conduct its reinvestigation in good faith.

141.    A reasonable investigation would require a furnisher such as Kimball to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

142.    The conduct, action and inaction of Defendant Kimball was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

143.    As described above, and as a result of the conduct, action, and inaction of Kimball, Plaintiff suffered damage as described above.

144.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Kimball in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in the favor against Defendant Kimball for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### FIFTH CAUSE OF ACTION
### (Violation of the FDCPA as to Furnisher)

145.    Kimball's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

146.    Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

147.    Kimball violated said section, as described above, in violation of §§ 1692e, 1692e (2), 1692e (4), 1692e (5), 1692e (8), and 1692e (10).

148.    Alternatively, Kimball's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f and 1692f (1).

149.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

150.     Kimball violated this section by unfairly reporting the Account as described above.

151.     Pursuant to 15 U.S.C. § 1692g an initial communication with a debtor regarding a debt must identify the amount of the debt.

152.     Defendant violated this section by failing to provide the correct amount of the debt and the timeline for disputing the debt, as described above.

153.     Pursuant to 15 U.S.C. § 1692d a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

154.     Kimball violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

155.     Defendant violated said section, as described above, in violation of § 1692d and 1692d (1).

156.     By reason thereof, Kimball is liable to Plaintiff for judgment that Kimball's conduct violated Sections 1692d, 1692e and/or 1692f, and 1692g et seq. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

157.     Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be

awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d)  For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3),

15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and d

g) For any such other and further relief as this Court may deem just and proper.

**WHEREFORE**, Plaintiff demands judgment from Kimball also as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to

28 U.S.C. § 2201; and

e)  For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated:  December 1, 2022

**Stein Saks, PLLC**

*s/ Eliyahu Babad*
Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com

*Pending Pro Hac Vice Admission*
*Attorneys for Plaintiff*